# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cr-00326-TWP-MJD |
| | ) | |
| RYAN ALLEN WALKER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR RELEASE

This matter is before the Court on Defendant, Ryan Allen Walker's ("Walker") Emergency Motion for Release from Detention Based Upon the Covid-19 Pandemic (Filing No. 35). The Government filed a Response in Opposition on April 6, 2020 (Filing No. 38). For the following reasons, the Motion is **denied**.

### I. BACKGROUND

Walker, a 36-year-old male, is presently detained at Henderson County Detention Center in Kentucky. On October 1, 2019, Walker was charged by Indictment with one count of Mail Fraud in violation of 18 U.S.C. § 1341. (Filing No. 13.) He made his Initial Appearance before the Magistrate Judge on September, 4 2020, and was ordered detained. His appearance was based on a writ from state court, and the parties agreed that the issue of release or detention was not ripe. (Filing No. 11.) The Magistrate Judge directed the parties to notify the Court when the issue of release or detention becomes ripe. *Id*. To date, no such notification has been made. This matter is scheduled for an accept or reject hearing on June 9, 2020, with a trial date set for July 20, 2020.

In his Motion, Walker notes that he is charged with Wire Fraud, a non-violent offense and asserts that he has no history of violence. He requests temporary release to home incarceration

with GPS monitoring and supervision by the United States Probation Office because the COVID-19 pandemic presents a significant threat to persons in jails and prisons. Walker lists no medical ailments that would put him at a higher risk of severe illness or death because of the COVID-19 outbreak, than any other person in a jail or prison.

The COVID-19 is particularly harmful to the elderly and those with underlying health conditions. *See* CDC (April 9, 2020) at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Walker does not provide any medical evidence that he is a person at greater risk for serious illness from COVID-19 pursuant to the CDC guidelines.

## II. ANALYSIS

As an initial matter, the Court determines a hearing is not necessary for resolution of this Motion. When a criminal defendant appears before a judicial officer, the judicial officer must order the "pretrial release" of the person, subject to certain conditions, unless "the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community." 18 U.S.C. § 3142(b). The judicial officer "may, by subsequent order, permit the temporary release of the person … to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* § 3142(i).

The Government opposes Walker's Motion for several reasons. First, the Government notes that Walker is in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, and his Motion fails to address the fact that the issue of detention is not ripe. Second, the Government argues the request to release him from pre-trial detention based on uncontained COVID-19 outbreak in the Henderson (Kentucky) County Detention Center where he is presently being held is speculative and undermines the propriety of detention under 18 U.S.C. § 3142(e). Third, the

Government argues that even if the issue of detention were ripe, the Court should deny the Motion because Walker poses a risk of flight and a danger to the community and Walker's health circumstance do not justify temporary release under 18 U.S.C. § 3142(i). In support of their third argument, the Government alleges that Walker was involved in a scheme or artifice, between 2010 and 2019, where he procured and sold stolen items on eBay. As a result of the scheme, Walker received payments in excess of $1.1 million for the sale of the illegally obtained items. The Government argues that Walker has both the means and the motive to flee from the jurisdiction. Moreover, as evidenced by his years-long fraud, as well as his active warrant, the Government argues that Walker is a danger to the community.

At the Court's request, the United States Probation Office has assessed whether any conditions or combination of conditions would ensure safety of the community and reduce the risk of flight if Walker were released. At the time of his Initial Appearance, Walker waived the pretrial interview, so his Bail Report was prepared based on available information. Under the Risk Assessment tool Walker scored a Category 4 risk, which indicates a relatively high risk of flight and/or danger to the community. As a result of these factors, as well as his status of appearing pursuant to a state court writ, the Probation Officer recommends detention.

Walker does not report any current physical health problems. His Bail Reports reference a 2016 presentence report from Tippecanoe County which indicates Walker was in good health. He is 36 years old, and not otherwise in a category deemed at risk for the COVID-19 virus. In his motion, Walker cites the general risk posed by the COVID-19 virus on those in detention facilities. While this may be true, Walker's circumstances are no more unique than hundreds of other pretrial detainees in this district. The COVID-19 pandemic has reduced the availability of conditions to mitigate the risk to the community and the resources of the United States Probation Office are

presently limited. The Probation Office's limited resources should be reserved for the release of those in pretrial detainment who are elderly or at high risk of complication from the virus. Walker's Motion provides no "changed circumstances" or other compelling reason justifying his immediate release from pretrial detention, and he has not provided evidence of health issues or any conditions that would put him in the at-risk category. Moreover, the status of his state court charge is unknown. Walker has not provided any information on whether he could be released on the state court charges, even if released on his federal charges. Continued detention is appropriate in order to ensure the safety of the community and the risk of flight. Therefore, his Motion **denied**.

### III. CONCLUSION

For the reasons set forth above, Walker's Emergency Motion for Release from Detention Based Upon the Covid-19 Pandemic ([Filing No. 35](#)) is **DENIED.** The Court acknowledges that because of the writ, Walker has not had an evidentiary hearing. The Magistrate Judge directed the parties to notify the Court when the issue of release or detention becomes ripe. If his state case has been resolved or he otherwise believes the issue of detention or release is now ripe, Walker may petition the Court for a hearing pursuant 18 U.S.C. § 3142(b).

**SO ORDERED.**

Date: 4/10/2020

*TANYA WALTON PRATT, JUDGE*
United States District Court
Southern District of Indiana

DISTRIBUTION:

Harold Samuel Ansell
INDIANA FEDERAL COMMUNITY DEFENDERS
sam.ansell@fd.org

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov